UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CURRENT GROUP, LLC and<br>ONCOR ELECTRIC DELIVERY COMPANY LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>AMPERION, INC.<br><br>　　　　Defendant. | C.A. No. _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CURRENT Group, LLC ("CURRENT"), on behalf of itself and its subsidiaries and Plaintiff Oncor Electric Delivery Company LLC ("Oncor") files the following Complaint for Declaratory Relief and, in support thereof, alleges as set forth below:

**THE PARTIES**

1. CURRENT is a Delaware limited liability company having its principal place of business at 20420 Century Boulevard, Germantown, MD 20874.

2. Oncor is a Delaware limited liability company having its principal place of business at 1601 Bryan Street, Dallas, TX 75201.

3. Defendant Amperion, Inc. ("Amperion") is a Delaware corporation having its principal place of business at 360 Merrimack Street, Riverwalk Building 9, Lawrence, MA 01843.

**JURISDICTION AND VENUE**

4. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338 because CURRENT's and Oncor's claims for declaratory relief arise under the patent laws of the United States (Title 35 of the United States Code).

6. This Court has personal jurisdiction over Amperion because, on information and belief, Amperion maintains its principal place of business in this District, has designated a registered agent in this District, conducts substantial business in this District and/or regularly solicits business from and conducts business with customers in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(c) because Amperion is subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

8. Plaintiff CURRENT is a provider primarily of electric distribution smart grid products and services, including products that utilize broadband over power line ("BPL") technology. BPL technology refers generally to products that enable communications through the sending of radio frequency signals along wires that are deployed to carry electricity.

9. Plaintiff Oncor is an electrical distribution and transmission company that utilizes BPL technology provided by Plaintiff CURRENT as part of its electrical utility operations.

10. Upon information and belief, Amperion is the alleged owner of the following six United States Patents (collectively, the "Amperion Patents"):

   a) U.S. Pat. No. 5,684,450 ("the '450 patent"), a true and correct copy of which is attached hereto as Exhibit A;

   b) U.S. Pat. No. 5,929,750 ("the '750 patent"), a true and correct copy of which is attached hereto as Exhibit B;

   c) U.S. Pat. No. 5,933,071 ("the '071 patent"), a true and correct copy of which is attached hereto as Exhibit C;

   d) U.S. Pat. No. 6,144,292 ("the '292 patent"), a true and correct copy of which is attached hereto as Exhibit D;

e) U.S. Pat. No. 6,172,597 B1 ("the '597 patent"), a true and correct copy of which is attached hereto as Exhibit E;

f) U.S. Pat. No. 6,282,405 B1 ("the '405 patent"), a true and correct copy of which is attached hereto as Exhibit F.

11. On or about March 23, 2010, counsel for Amperion sent CURRENT a letter alleging that CURRENT infringes the Amperion Patents. More specifically, Amperion's counsel alleged that "It is [Amperion's] position that [CURRENT] is committing contributory infringement of Amperion's patents." A true and correct copy of Amperion's March 23, 2010 letter to CURRENT is attached as Exhibit G.

12. Following an April 19, 2010 meeting between representatives of CURRENT and Amperion, on or about April 21, 2010, counsel for Amperion sent CURRENT a letter following up on the discussions at the meeting. Amperion reiterated its infringement allegations, stating that "[Amperion] remain[s] resolute that Current Group is a contributory infringer of Amperion's BPL patents. . ." Amperion's April 21, 2010 letter specifically describes an implementation of CURRENT's products by Oncor that Amperion contends infringe the Amperion Patents. A true and correct copy of Amperion's April 21, 2010 letter is attached as Exhibit H.

13. On information and belief, Amperion has asserted the Amperion Patents against one or more companies, including International Broadband Electric Communications, Inc. ("IBEC"), that provide products and/or services that utilize BPL technology. Following Amperion's aggressive threats of suit against IBEC, IBEC filed a declaratory judgment complaint of non-infringement and invalidity against Amperion in the United States District Court for the Northern District of Alabama, Northeastern Division. A true and correct copy the complaint filed by IBEC against Amperion is attached as Exhibit I.

14. On or about March 23, 2010, counsel for Amperion sent Oncor Electrical Group, Inc. a similar letter, alleging that Oncor Electrical Group, Inc. infringes the Amperion Patents. On information and belief, Amperion intended to identify Plaintiff Oncor in such letter because the letter was sent to the general counsel and chief executive officer for Plaintiff Oncor, which

3

has no subsidiary or affiliate Oncor Electrical Group, Inc.  More specifically, Amperion's counsel alleged that "It is [Amperion's] position that [Oncor Electrical Group, Inc. is] directly infringing on Amperion's patents and possibly inducing infringement of Amperion's patents as well."  A true and correct copy of Amperion's March 23, 2010 letter to Oncor Electrical Group, Inc. is attached as Exhibit J.

15.     On April 8, 2010, Oncor sent a letter to counsel for Amperion acknowledging Amerpion's March 23, 2010 letter.  Oncor offered to meet with counsel for Amperion to discuss the nature of Amperion's concerns.  Oncor also requested additional detail supporting the assertions made in Amperion's March 23, 2010 letter.  A true and correct copy of Oncor's April 8, 2010 letter is attached as Exhibit K.

16.     On or about April 9, 2010, counsel for Amperion sent Oncor a letter in response to Oncor's April 8, 2010 letter.  Amperion reiterated its infringement allegations against Oncor, describing a specific Oncor implentation of BPL technology that Amperion alleges infringes the Amperion Patents and claiming that "[t]here is strong reason to believe that this expansive network infringes upon Amperion's foundational BPL patents."  Amperion's counsel also stated that "[s]hould litigation become necessary, we will aggressively and deliberately pursue our patent interests."  A true and correct copy of Amperion's April 9, 2010 letter is attached as Exhibit L.

17.     In light of Amperion's multiple accusations of patent infringement against CURRENT, Oncor and others, CURRENT and Oncor have a reasonable apprehension of being sued for patent infringement by Amperion.

18.     As a result of the actions and statements of Amperion, an immediate, concrete, actual, substantial and justiciable controversy now exists between CURRENT, Oncor and Amperion regarding the infringement and validity of the Amperion Patents.  This is a substantial controversy between parties having adverse legal interests and of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  CURRENT and Oncor seek a declaration from this Court resolving the present controversy.

## COUNT I
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE AMPERION PATENTS

19. CURRENT and Oncor incorporate by reference the allegations set forth in paragraphs 1 through 18 of this Complaint as though set forth in full herein.

20. Amperion has accused CURRENT of infringing the Amperion Patents by marketing and selling equipment that utilizes BPL technology in infringement of the Amperion Patents. CURRENT sells equipment that utilizes BPL technology in the United States.

21. Amperion has accused Oncor of infringing the Amperion Patents by using equipment that utilizes BPL technology in infringement of the Amperion Patents.

22. CURRENT and Oncor have not infringed and are not infringing, directly, indirectly, contributorily, by active inducement, or otherwise, any valid and enforceable claim of the Amperion Patents.

23. An actual and justiciable case or controversy exists between CURRENT, Oncor and Amperion concerning the alleged infringement of the Amperion Patents, which requires a declaration of rights by this Court.

24. Based on the acts, conduct, and statements of Amperion and its counsel, including Amperion's prior litigious conduct, CURRENT and Oncor have formed a reasonable apprehension and belief that Amperion intends to and will sue CURRENT and Oncor for alleged infringement of the Amperion Patents.

25. Amperion's allegations of patent infringement have caused, and will continue to cause, damage to CURRENT and Oncor.

26. CURRENT and Oncor are entitled to a judicial determination and declaration that CURRENT and Oncor have not infringed and are not infringing, directly, indirectly, contributorily, by active inducement or otherwise, any valid and enforceable claim of the Amperion Patents.

## COUNT II
### DECLARATORY JUDGMENT OF INVALIDITY OF THE AMPERION PATENTS

27. CURRENT and Oncor incorporate by reference the allegations set forth in paragraphs 1 through 26 of this Complaint as though set forth in full herein.

28. An actual and justiciable case or controversy exists between CURRENT, Oncor and Amperion concerning the invalidity of the Amperion Patents, which requires a declaration of rights by this Court.

29. CURRENT and Oncor contend that one or more claims of at least the '292, '597 and '405 Patents of the Amperion Patents are invalid for failing to satisfy the conditions and requirements for patentability as set forth in Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

30. On information and belief, Amperion contends that each and every claim of the Amperion Patents is valid.

31. Amperion's allegations that CURRENT and Oncor infringe invalid claims of the Amperion Patents has caused, and will continue to cause, damage to CURRENT and Oncor.

32. CURRENT and Oncor are entitled to a judicial determination and declaration that one or more claims of each of the Amperion Patents are invalid.

**WHEREFORE**, CURRENT and Oncor request that the Court enter a judgment in its favor and against Amperion as follows:

A. Enter judgment for CURRENT and Oncor and against Amperion on all counts asserted in this complaint;

B. Declare that CURRENT and Oncor have not infringed and do not infringe any valid and enforceable claim of the Amperion Patents;

C. Declare that the claims of the Amperion Patents are invalid;

D. Enjoin Amperion, and their officers, directors, agents, counsel, servants, and employees and all person in active concert or participation with any of them, from

      attempting to enforce the Amperion Patents against CURRENT, Oncor, their subsidiaries, or any customer of CURRENT or Oncor by reason of such subsidiary's or customer's sale or use of CURRENT's and Oncor's products and and/or services;

E.     Find this case to be an exceptional case pursuant to 35 U.S.C. § 285 and award CURRENT and Oncor their attorneys' fees and expenses;

F.     Award CURRENT and Oncor their costs;

G.     Grant CURRENT and Oncor such other and further relief as the Court deems just and proper.

DATED: April 30, 2010

          */s/Richard S. Sanders*
Richard S. Sanders (BBO No. 562014)
rsanders@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116-3736
rsanders@cooley.com
Tel: (617) 937-2300
Fax: (617) 937-2400

*Attorneys for CURRENT Group, LLC and Oncor Electric Delivery Company LLC*

*Of Counsel:*

Christopher C. Campbell
ccampbell@cooley.com
Phillip E. Morton
pmorton@cooley.com
COOLEY LLP
One Freedom Square, Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
Telephone: 703.456.8000
Facsimile: 703.456.8100

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs CURRENT Group, LLC and Oncor Electric Delivery Company LLC hereby demand trial by jury of all issues triable of right by a jury.

DATED: April 30, 2010

/s/Richard S. Sanders
Richard S. Sanders (BBO No. 562014)
rsanders@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116-3736
rsanders@cooley.com
Tel: (617) 937-2300
Fax: (617) 937-2400

*Attorneys for CURRENT Group, LLC and Oncor Electric Delivery Company LLC*

*Of Counsel:*

Christopher C. Campbell
ccampbell@cooley.com
Phillip E. Morton
pmorton@cooley.com
COOLEY LLP
One Freedom Square, Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
Telephone: 703.456.8000
Facsimile: 703.456.8100